MARY BADGLEY WELLS, BRADFORD WELLS AND MILDRED
WELLS CARTON

*v.*

STATE OF ILLINOIS.

*Opinion filed February 17, 1915.*

1. INHERITANCE TAX—*reversal of order of county judge by county court—effect of.* A reversal of the order of the county judge fixing an inheritance tax by the county court will support a claim for a refund of an inheritance tax.

2. SAME—*exemptions to be deducted in fixing rate.* If the total value of the property as fixed by the court, less exemptions, is less than $100,000.00, the rate should be $1.00 on the hundred.

Gardner, Carton and Thomson, for Claimants.

P. J. Lucey, Attorney General, and Arthur R. Roy, Assistant Attorney General, for State.

Robert M. Wells, a resident of Cook County, died testate in September 1913, and his will was duly probated in the probate court of Cook County, September 12, 1913. After several minor bequests, decedent's residuary estate was devised, one-third to his wife, Mary Badgley Wells, one-half to his son, Bradford Wells, and one-sixth to his daughter, Mildred Wells Carton, all of whom are claimants herein.

The county judge of Cook County, on December 30, 1913, entered an order fixing inheritance tax, based on the report of the appraiser previously appointed. The values placed on the shares of the various claimants were as follows: Mary Badgley Wells, $70,598.33; Bradford Wells, $105,897.53; Mildred Wells Carton, $35,299.18. These values include the valuation of fifty shares of the capital stock of the Continental & Commercial National Bank of Chicago.

After the deduction of the statutory exemption of $20,000.00 in each case, the tax of the widow was fixed on a one per cent basis at $505.98; of the son, on a two per cent basis at $1,717.95; and the daughter on a one per cent basis at $152.99. The several taxes were paid to the county treasurer of Cook County February 20,

1914, five per cent having been deducted as allowed by law and the respective amounts paid were: by Mary Badgley Wells, $480.68; Bradford Wells, $1,632.06; Mildred Wells Carton, $145.34. The money was turned over by the county treasurer to the State Treasurer.

An appeal was taken from the order of the county judge to the county court and on July 14, 1914, judgment was entered in that court finding that the fifty shares of bank stock which had been included in the valuation, was not the property of the decedent and should not have been considered in fixing the value, and finding also that the rate of two per cent of taxation on the share of Bradford Wells was erroneous and should have been one per cent. The order of the county court fixed the total value of the estate at $200,351.06, and the values of the respective shares as follows: Mary Badgley Wells, $65,681.69; Bradford Wells, $98,522.53; Mildred Wells Carton, $32,840.84. After deducting exemptions of $20,000.00, in each case and figuring the tax at the rate of one per cent, the court found the correct amount of taxes in each case was as follows: Mary Badgley Wells, $456.82; Bradford Wells, $785.23; Mildred Wells Carton, $128.41.

The five per cent discount for payment within six months, would make the amounts that each of the parties respectively should have paid, as follows:

Mary Badgley Wells, $433.98; Bradford Wells, $745.97; Mildred Wells Carton, $121.99.

These amounts, deducted from the amounts actually paid in each case, provide a basis upon which to figure the amounts that should be properly refunded.

On July 20, 1914, claimants made application to the county treasurer and State Treasurer for refund, but they have not received same.

Claimants have filed their claim since May 1, 1914, but with the consent of the Attorney General, same has been heard at this term of this Court and this Court has jurisdiction of same.

Claimants have in every particular complied with the statute to entitle them to a refund of the amounts erroneously paid and are entitled to awards.

It is the judgment of this Court, that Mary Badgley Wells be, and she is hereby awarded the sum of $46.70; that Bradford Wells be, and he is hereby awarded $886.09; and that Mildred Wells Carton be, and she is hereby awarded $23.35.